Swing, J.
The Hon. Judge D. T. Wright, of the common pleas court of Hamilton county, directed Judges Worthington and Harmon, and Mr. Oldham, of the Hamilton county *562 Bar, to prefer charges against Charles. L. Lundy, of said Bar, for unprofessional conduct involving moral turpitude. In accordance with this direction, charges were filed against said Lundy, and trial was had upon the same before said judge, and said Lundy was found guilty, and sentence of disbarment was pronounced against him. An appeal was taken to this court, and trial had on the same.
The charges against Lundy, were two:
“First, that in October, 1894, the said Lundy, acting as attorney in a certain divorce proceeding then pending before the Hon. Charles Evans, judge of the court of common pleas of Hamilton county, submitted said cause to said judge, and that the said judge dismissed the same, and that notwithstanding said action of said court, the said Lundy, intending to deceive the Hon. Judge Wright of said court, submitted said cause to said Judge Wright, in May, 1897.
“2nd. That said Judge Evans having dismissed the said action, endorsed on the wrapper of said original papers in said cause, according to his usual custom, ‘Dismissed, E. that said Lundy, well knowing the premises, fraudulently intending to destroy the evidence of said judgment, and to conceal the fact from said judge, did,on May 4, 1897, erase said words, ‘Dismissed, E.,’ from said wrapper, and return the same to the files of the court.”
As to the first charge. We are not satisfied beyond a reasonable doubt, that Lundy knew that Judge Evans had dismissed the case after the hearing before him. The evidence of Judge Evans was not clear and certain as to whether he had informed Lundy that the case was dismissed ■ — although there is good reason to believe that Lundy knew that the case was dismissed — but it is not sufficient to find him guilty of the charge.
As to the second charge. We think that this charge was clearly proven. The erasure was admitted. The purpose *563 for which it was done, is clear. Lundy had just been told by Judge Wright, that Judge Evans had told Judge Wright, that he (Evans), had tried the case once and dismissed it. This Lundy denied or evaded. Upon seeing the evidence of the truth of what Judge Wright had said to him, written in lead pencil on the wrapper of the papers, he erased it. We can see but one reason for his conduct. He must have intended to have destroyed the record that Judge Evans had made, and thereby deceive and mislead Judge Wright.
For such conduct, what would.be a just judgment? The object of punishment is not to destroy the-person punished, unless he be so bad that he is not a fit person to live, or has committed a crime so atrocious that his life or liberty should be forfeited. Generally, the object of punishment is to correct and make better the person punished, and at the same time, by the act,deter others from committing a like offense.
That the offense committed by Lundy calls for punishment, we have no doubt.
Nothing in our society or government concerns the people so much as a just and righteous administration of the laws. The very existence of our government depends upon it. In order that judges may justly administer the laws, there must exist between the judges and the members of the Bar, the utmost good faith-. The professional statement of a lawyer to a judge, should always be the exact truth, and should always be given with the same regard to its being true as the same statement given under oath. If this were not so, it would be hard to conceive how judges would administer the laws justly. If the members of the Bar were corrupt, it would be almost as bad as a corrupt judge. For however upright a judge might be, under such circumstances, justice would miscarry.
In this case, Lundy^endeavored, by erasing the words “Dismissed, E.,”^to conceal the truth¿from Judge Wright when he was called upon to reveal it.
Ex-Attorney-General Harmon, Ex-Judge Wm. Worthington, and F. D. Oldham, for the prosecution,
Ex-Judge M. F. Wilson and John O. Healy, contra.
For a lawyer to do an act of this kind, is to do an act involving moral turpitude within the meaning of the statute— the statute having reference to his professional conduct,
We think the ends of justice will be subserved by suspending Lundy from practicing his profession for the term of one year from this date. The act was not done after mature deliberation — was done hastily; and we don’t want to be unjustly severe in our punishment, and we trust that the sentence of this court may ultimately be for his good.